26-cv-237 UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

BRYCE MILES and JORDYN MILES,

                Plaintiffs,

    v.                                   Case No. 26-cv-237

DONNELLAN REAL ESTATE, INC.; NED
DONNELLAN; KONNIE FREE; JAMES HILL;
KIMBERLY HILL-PHELPS; and KERRI MUCHE,

                Defendants.

---

# COMPLAINT

---

BRYCE MILES and JORDYN MILES, by their attorneys, DAVIS & PLEDL, SC, by Robert Theine Pledl and Victoria Davis Dávila, state the following as their Complaint:

## I. INTRODUCTION

1. This action is brought under the Federal Fair Housing Act. Plaintiffs attempted to purchase a single-family home in Eau Claire, Wisconsin that was owned by Defendants Konnie Free, James Hill, Kimberly Hill-Phelps and Kerri Muche. Those Defendants refused to sell to the Plaintiffs because they believed the Plaintiffs would operate a group home for individuals with disabilities at that location. Defendant Donnellan Real Estate, Inc. and Defendant Ned Donnellan worked in concert with and facilitated the refusal of the other Defendants to sell that property to the Plaintiffs on the basis of disability status. Plaintiffs sustained financial damages and experienced significant emotional distress as a result of the Defendants' actions.

1

## II. JURISDICTION AND VENUE

2.  The Court has jurisdiction of the action pursuant to 28 U.S.C. §1331.

3.  Venue is proper pursuant to 28 U.S.C. §1391(b) because the events giving rise to Plaintiff's claims occurred in the Western District of Wisconsin.

## III. PARTIES

4.  Plaintiff Bryce Miles resides at 1004 Village Square, Altoona, Wisconsin 54720 in Eau Claire County.

5.  Plaintiff Jordyn Miles resides at 1004 Village Square, Altoona, Wisconsin 54720 in Eau Claire County.

6.  Defendant Donnellan Real Estate, Inc. is a Wisconsin domestic corporation. Its registered agent is Ned Donnellan. The address of the corporation and its registered agent is 1720 Harding Avenue, Eau Claire, Wisconsin 54701-4860.

7.  Defendant Ned Donnellan is a licensed real estate broker and an employee of Defendant Donnellan Real Estate, Inc. His business address is 1720 Harding Avenue, Eau Claire, Wisconsin 54701-4860.

8.  Defendant Konnie Free resides at N9161 Hoffman Court, Menasha, Wisconsin 54952.

9.  Defendant James Hill resides at 16612 Gunflint Trail, Lakeville, Minnesota 55044.

10. Defendant Kimberly Hill-Phelps resides at 1302 Taft Avenue, Eau Claire, Wisconsin 53701.

11. Defendant Kerri Muche resides at 13780 W. Stratford Drive, New Berlin, Wisconsin 53151.

2

## IV. **FACTUAL ALLEGATIONS**

12. Defendants Konnie Free, James Hill, Kimberly Hill-Phillips and Kerri Muche were owners as tenants in common of real estate located at 1131 E. Tyler Avenue, Eau Claire, Wisconsin 54701 in Eau Claire County.

13. Defendants Free, Hill, Hill-Phelps and Muche listed the property for sale with Defendants Donnellan Real Estate, Inc. and Ned Donnellan.

14. Plaintiffs operated a 4-bed adult family home for individuals with disabilities at 2415 Agnes Street, Eau Claire, Wisconsin at all relevant times. An adult family home is a specific type of group home for individuals with disabilities pursuant to Wis. Stats. §50.01(1).

15. It was known in the surrounding community at all relevant times that Plaintiffs operated a group home for people with disabilities and that they lived in the home with individuals who have disabilities.

16. Plaintiffs Bryce Miles and Jordyn Miles were searching for a single-family home in Eau Claire to use as their residence and their real estate broker made them aware of 1131 E. Tyler Avenue. They viewed the home on March 20, 2024 and decided to make an offer.

17. Plaintiffs' broker submitted to Defendant Donnellan an offer to purchase 1131 E. Tyler Avenue on March 21, 2024.

18. Defendant Donnellan spoke with Plaintiffs' broker by telephone on March 23, 2024. He told Plaintiffs' broker that the sellers had heard that the Plaintiffs would be using the property as a group home after purchase. He asked Plaintiffs' broker whether the Plaintiffs would be using the property as a group home.

19. Defendant Donnellan spoke with Plaintiffs' broker on March 24, 2024. He told Plaintiffs' broker that the sellers had rejected the offer without any reason and there were no other offers pending. He also told Plaintiffs' broker that the sellers had requested that he ask about the use of the property after closing, if the Plaintiffs had other group homes and where they were employed.

20. Plaintiffs' broker submitted to Defendant Donnellan a second offer to purchase 1131 E. Tyler on March 24, 2024.

21. Plaintiffs' broker spoke with a representative of the Wisconsin Realtors Association Legal Hotline on March 25, 2024 and provided the information in Paragraphs 16 to 18 above. The WRA representative said the sellers were putting themselves at risk by questioning the use of property by a protected class.

22. Plaintiff Jordyn Miles' mother called Defendant Donnellan on March 25, 2024 to inquire about the lack of a response to the Plaintiffs' second offer to purchase. Defendant Donnellan told her that the sellers were concerned that Plaintiffs would turn the home into an adult family home and asked her whether they planned to turn it into an adult family home. He also told Plaintiff Jordyn Miles' mother that he had contacted the Realtors Association for guidance about the sellers' concerns that 1131 E. Tyler would become an adult family home.

23. Plaintiffs' broker spoke with Defendant Donnellan on March 26, 2024. Donnellan told her that the sellers had received the second offer but had no response.

24. Plaintiffs' broker checked online information on March 28, 2024 and verified that 1131 E. Tyler was still an active listing with showings scheduled. There was still no response to the March 24, 2025 second offer to purchase.

4

25. Plaintiffs contacted undersigned counsel and counsel drafted a letter dated April 1, 2024 to the Defendant-property owners of 1131 E. Tyler. The letter was provided to Defendant Donnellan that same day by Plaintiffs' broker.

26. The letter from Plaintiffs' counsel summarized the events described above and informed the Defendant-property owners that their refusal to sell the property to the Plaintiffs because of their association with people who have disabilities was a violation of the Fair Housing Act.

27. Along with the letter from Plaintiffs' counsel, Plaintiffs' broker submitted to Defendant Donnellan a third offer to purchase 1131 E. Tyler.

28. Despite receiving the new offer to purchase and the letter from Plaintiffs' counsel, Defendants Free, Hill-Phelps, Hill and Muche continued their refusal to sell the property to the Plaintiffs because of the Plaintiffs' association with individuals who have disabilities.

29. Defendant Donnellan worked in concert with Defendants Free, Hill-Phelps, Hill and Muche to refuse to sell 1131 E. Tyler to Plaintiffs and sell it instead to a buyer who did not have an association with individuals who have disabilities.

## V. **LEGAL CLAIMS**

30. 42 U.S.C. §3604(f)(1) & (2) state that unlawful disability discrimination includes:

> (1) To discriminate in the sale or rental, or to otherwise make
> unavailable or deny, a dwelling to any buyer or renter because of a
> handicap of--
>     (A) that buyer or renter,
>     (B) a person residing in or intending to reside in that dwelling
>     after it is so sold, rented, or made available; or
>     (C) any person associated with that buyer or renter.
> (2) To discriminate against any person in the terms, conditions, or
> privileges of sale or rental of a dwelling, or in the provision of

services or facilities in connection with such dwelling, because of a handicap of--
  (A) that person; or
  (B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or
  (C) any person associated with that person.

31. 42 U.S.C. §3602(h) of the Fair Housing Act defines "handicap" as:

  (1) a physical or mental impairment which substantially limits one or more of such person's major life activities,
  (2) a record of having such an impairment, or
  (3) being regarded as having such an impairment . . .

32. The individuals who resided in Plaintiffs' adult family home at 2415 Agnes Street at all relevant times had disabilities which substantially limited one or more major life activities. They satisfy the definition of "handicap" in 42 U.S.C. §3602(h)(1).

33. Defendants Konnie Free, James Hill, Kimberly Hill-Phelps and Kerri Muche regarded individuals who resided in Plaintiffs' adult family home at 2415 Agnes Street at all relevant times as having disabilities which substantially limited one or more major life activities. That satisfies the definition of "handicap" in 42 U.S.C. §3602(h)(2).

34. Defendants Konnie Free, James Hill, Kimberly Hill-Phelps and Kerri Muche violated 42 U.S.C. §3604(f)(1) & (2) by making 1131 E. Tyler Avenue unavailable to the Plaintiffs and denying them the opportunity to own 1131 E. Tyler Avenue because of the Plaintiffs' association with individuals with disabilities.

35. Defendants Donnellan Real Estate, Inc. and Ned Donnellan violated 42 U.S.C. §3604(f)(1) & (2) by working in concert with Defendants Konnie Free, James Hill, Kimberly Hill-Phelps and Kerri Muche to make 1131 E. Tyler Avenue unavailable to Plaintiffs and denying them the opportunity to own 1131 E. Tyler Avenue because of the Plaintiffs' association with individuals who have disabilities.

36. Defendant Donnellan's actions were within the scope of his employment with Defendant Donnellan Real Estate, Inc.

37. Plaintiffs have been injured as a result of the Defendants' violations of the Fair Housing Act. They are "aggrieved person[s]" under 42 U.S.C. §3602(i).

38. Plaintiffs suffered emotional distress and financial damages from the actions and omissions of the Defendants described above.

39. Defendants' discriminatory actions were intentional, willful and in disregard of the Plaintiff's federally protected rights. It is appropriate to award punitive damages.

## VI. <u>RELIEF REQUESTED</u>

Plaintiffs Bryce Miles and Jordyn Miles request the following:

A. A determination that Defendants violated the Fair Housing Act.

B. Compensatory and punitive damages pursuant to 42 U.S.C. §3613(c)(1).

C. Attorney fees and costs pursuant to 42 U.S.C. §3613(c)(2).

D. Such other relief as may be required in the interests of justice.

E. **A jury trial is requested pursuant to Federal Rule of Civil Procedure 38.**

Date: March 20, 2026

**DAVIS & PLEDL, SC**
*Attorneys for Plaintiffs*

By: /s/ Robert Theine Pledl
Robert Theine Pledl

By: /s/ Victoria L. Davis Dávila
By: Victoria L. Davis Dávila

1661 N. Water Street – Suite 410
Milwaukee, WI  53202
TEL   414-667-0390
FAX   414-978-7282
Email  rtp@davisandpledl.com
Email  vldd@davisandpledl.com